UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| TRAVIS SCOTT GILLIAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:25-CV-104-TAV-CRW |
| SHERIFF RONNIE LAWSON, CHIEF DEPUTY TONY ALLEN, LT. BUTCH GALLION, and DR. MATTHEWS, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner currently housed at the Bledsoe County Correctional Complex ("BCCX"), filed (1) a complaint under 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment right to adequate medical care while he was previously detained in the Hawkins County Jail [Doc. 2] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 1] and supplement thereto [Doc. 6]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion [Doc. 1] and **ORDERS** Plaintiff to file an amended complaint.

**I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum Opinion and Order to the Court's financial deputy. This Memorandum Opinion and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

2

language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

B. **Plaintiff's Allegations**

When Plaintiff was booked into the Hawkins County Jail on November 10, 2020, he made the booking officer aware that he had Hepatitis-C [Doc. 2, p. 12]. Plaintiff requested treatment for his Hepatitis-C 18 times between November 10, 2020, and January 2025, when he was transferred to prison [*Id.*]. His requests were ignored or denied [*Id.*].

Sometime around July 19, 2021, Plaintiff was taken to the Rural Health Medical Center to be treated for rectal bleeding [*Id.*]. He received a blood workup as a part of that evaluation, and the attending physician told him that his Hepatitis-C was not a danger at that point in time [*Id.* at 12–13]. Then, on or about August 19, 2022, Plaintiff was taken to Tennessee Mental Health and Substance Abuse Services for a psychological evaluation, and he had a blood workup as part of that process [*Id.* at 13]. The attending physician told

3

him that his Hepatitis-C was not "a problem" and that there was "nothing to worry about" [*Id.* at 13].

On November 19, 2024, after Plaintiff's "latest blood work" was obtained, Registered Nurse ("R.N.") Sarah and Sergeant ("Sgt.") Smith told Plaintiff "that his liver was really bad, [and] that he had stage IV cirrhosis of the liver" [*Id.* at 13]. Dr. Matthews, Lieutenant ("Lt.") Butch Gallion, and Officer Fluellen told Plaintiff "to quit fighting his case and go to prison and get help there" [*Id.*]. Plaintiff maintains that if he had been treated in 2021 and 2022, treatment of his condition would now be "much easier" [*Id.* at 13], and that Hawkins County should have transferred Plaintiff "to a prison facility" to receive treatment earlier [*Id.* at 14]. Plaintiff is receiving treatment now, "but the damage is done[,]" and Plaintiff will likely need a liver transplant [*Id.*]. And officials at the Hawkins County Jail used Plaintiff's diagnosis "to convince the Plaintiff to stop fighting his case to get to prison to save his life" [*Id.*].

Aggrieved, Plaintiff filed this civil rights action against Sheriff Ronnie Lawson, Chief Deputy Tony Allen, Lt. Gallion, and Dr. Matthews in both their individual and official capacities, seeking $1 million in damages [*Id.* at 5].

**C.   Analysis**

To state a claim under § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Plaintiff brings a claim for violation of the Eighth Amendment, which, as relevant here, prohibits deliberate indifference to a prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

4

To demonstrate a violation of his right to medical care under the Eighth Amendment, Plaintiff must show a "sufficiently serious" need that the Defendants responded to with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). A prisoner demonstrates deliberate indifference by showing "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. But only acts or omissions that produce an "unnecessary and wanton infliction of pain" implicate the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Thus, a prisoner cannot state a claim of deliberate indifference by suggesting that he was misdiagnosed or not treated in a manner he desired. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "[m]isdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). Further, the law distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Therefore, if "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*

By these standards, Plaintiff's complaint fails to state a plausible Eighth Amendment claim. First, Plaintiff has not advanced facts that permit the plausible inference that he was denied medical care for Hepatitis C pursuant to some policy or

5

custom of Hawkins County and/or its medical provider, Southern Health Partners, to state a colorable claim against either of these entities. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for a constitutional violation when the violation resulted from "implementation of [the municipality's] official policies or established customs"); *Braswell v. Corr. Corp. of America*, 419 F. App'x 622 (6th Cir. 2011) (applying *Monell* principles to private corporation performing traditional state function of operating a prison). And the absence of any well pled custom or policy contributing to Plaintiff's alleged injuries is fatal to Plaintiff's claims against Defendants in their official capacities. *See, e.g.*, *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell*, 436 U.S. at 690 n.55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). Therefore, the Court will **DISMISS** all official-capacity claims against Defendants.

Second, to state a claim against the individual Defendants, Plaintiff must adequately plead that each Defendant, by his own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a defendant solely based on his position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their

6

subordinates under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Plaintiff's complaint contains no factual allegations at all against Sheriff Lawson or Chief Deputy Allen [*See, generally*, Doc. 2]. Therefore, the Court will **DISMISS** all claims against Sheriff Lawson and Chief Deputy Allen.

This leaves Dr. Matthews and Lt. Gallion. Plaintiff maintains only that these defendants told Plaintiff "to stop fighting his case and go to prison and get help there" [Doc. 2, p. 13]. Such an allegation is insufficient to permit the plausible inference that either of these defendants knew of a substantial risk of harm to Plaintiff that they disregarded. The Court will **DISMISS** Plaintiff's claims against Dr. Matthews and Lt. Gallion.

Moreover, while Plaintiff alleges that he sought treatment for Hepatitis-C 18 times, he does not identify the person(s) from whom he sought treatment, or what, if anything, he was told about those requests. And it appears that Plaintiff's condition was monitored, as according to Plaintiff, it was only his "latest blood workup" in November 2024 that showed that his condition had worsened [Doc. 2, p. 13]. But Plaintiff does not allege any facts that permit the plausible inference that he sought and was denied medical intervention by any named defendant after his November 2024 test results. Therefore, Plaintiff has failed to allege sufficient facts to "nudge" his Eighth Amendment claim "across the line from conceivable to plausible," and the Court will **DISMISS** Plaintiff's complaint. *Twombly*, 550 U.S. at 570.

However, it is plausible that, if he is permitted a chance to amend, Plaintiff may set forth facts that state a plausible claim. Accordingly, the Court will permit Plaintiff such an opportunity. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Plaintiff is **ORDERED** to file an amended complaint within **14 days** of entry of this Order that contains a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific party(ies) responsible for that violation. Plaintiff must avoid conclusory legal statements or arguments in this amended complaint, but rather, he must set forth **specific facts** surrounding his requests for Hepatitis-C treatment, including the dates of any treatment requests, the identity(ies) of the individual(s) or entity(ies) from whom Plaintiff requested treatment, listing any bloodwork or testing that was performed and the date(s) thereof, listing any reason(s) Plaintiff was given for not treating his Hepatitis-C, and whether any medication or treatment was ever prescribed to Plaintiff for Hepatitis-C treatment at the Hawkins County Jail. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the

8

Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

5. Plaintiff is **ORDERED** to complete the § 1983 form within **14 days** in accordance with the directives stated above;

6. Plaintiff is **NOTIFIED** that failure to comply with this Order will result in the dismissal of this action for failure to prosecute and comply with an order of the Court; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to

9

Case 2:25-cv-00104-TAV-CRW    Document 7    Filed 08/05/25    Page 9 of 10    PageID #: 51

monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within 14 days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE